### No. 348
### OSIC (CZIAC) v. STATE

Ohio Appeals, 9th Dist., Lorain County
No. 282. Decided Feb. 13, 1924

This case is pending in Supreme Court on motion to certify, filed Feb. 15, 1922. For summary, see 2 Abs. 261.

661. INTOXICATING LIQUORS—Transportation of barrels of fruit juices, after becoming intoxicating, from one home to another, on changing residence, held violation of statute—Fine of $1,000 though altogether disproportionate, held not reducible.

WASHBURN, J.
#### Epitomized Opinion
Published Only in Ohio Law Abstract

Cziak was found guilty of transporting intoxicating liquors, by the mayor's court of South Amherst village, and fined $1,000. This conviction was affirmed by the Common Pleas Court. The evidence disclosed that Cziak extracted a barrel of fruit juice from blackberries, and one from wild cherries, and that the juices contained about 12 per cent of alcohol. He told the prohibition officers that he

possessed them for the use of his family. Later, just before moving, he asked the mayor's permission to move these barrels but it was denied. When he was actually transporting these barrels to his new home, he was arrested. At the trial he testified that he had the juices for the purpose of making vinegar. In affirming the judgment, the Court of Appeals held:

1. "By 6212-15 and 17 GC. a person may manufacture vinegar or non-intoxicating cider and fruit juices for use in his home, but the cider or fruit juices must not be sold or delivered after they become intoxicating. But vinegar is commonly made from apple juice, and we do not know that the juice of wild cherry or blackberries can be made into vinegar. The trial court was justified in finding that it was possessed for beverage purposes."

2. "We have no authority to reduce the fine in this case, but we regard the fine as altogether disproportionate to the gravity of the offense."

Attorneys—Zmunt, Mayer & Stephens, for Cziak; D. W. Myer, for State, all of Cleveland.